**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **JAMES RICHARD LENING,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-00517 |
| ) | |
| **WARDEN JERRY LESTER,** ) | Judge Campbell |
| ) | |
| Respondent. ) | |

## ORDER

James Richard Lening, a state prisoner incarcerated at West Tennessee State Penitentiary in Henning, Tennessee, has filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254. The $5.00 filing fee has been paid in full.

The petition itself states four grounds for relief: three based on ineffective assistance of counsel and one for an alleged violation of the petitioner's Sixth Amendment to have a jury determine factors pertaining to a sentence enhancement. The petitioner specifically states that each of these grounds for relief was fully exhausted in the trial courts. Nonetheless, the petitioner has filed two separate motions to stay this case and hold his habeas petition in abeyance pending further exhaustion of state court remedies (ECF Nos. 9 and 10).

This Court's brief review of the state court proceedings in this case indicates that the petitioner has already exhausted his state-court remedies. He was convicted in 2008, and his conviction was affirmed on direct appeal. *State v. Lening*, No. M2008-01218-CCA-R3-CD (Tenn. Ct. Crim. App. June 9, 2009), *perm. app. denied* (Tenn. Oct. 19, 2009). He filed a timely petition in the state court for post-conviction relief on April 29, 2010. That petition was denied on April 1, 2013. *Lening v. State*, No. M2012-01630-CCA-R3-PC (Tenn. Ct. Crim. App. April 1, 2013). Lening's petition in this Court was filed in this Court on May 24, 2013. In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Tenn. S. Ct. R. 39; *Adams v. Holland*, 330 F.3d 398, 402–04 (6th Cir. 2003). Notwithstanding, the petition here may have been filed prematurely if the petitioner sought review in the Tennessee Supreme Court and his application for review remains pending. The petitioner, however, does not state what further action he seeks to take in the state courts or what other form of exhaustion remains open to him.

In addition to seeking a stay and abeyance for purposes of further exhaustion, the petitioner also indicates that, as of June 11, 2013, he was recovering at the prison infirmary after having been brutally assaulted by seven other inmates. (ECF No. 9.) More than a month has passed since that filing, and it is unclear whether the petitioner remains under medical care.

Because it is unclear whether why the petitioner seeks time to further exhaust his claims or whether a stay on medical grounds remains necessary, the petitioner is **DIRECTED** to supplement his motion by explaining what further action he seeks to take and his estimation as to how long the procedure will take. The petitioner must submit this supplement in support of his motion within **21 days** of the date this order is filed.

The respondent, in turn, is **DIRECTED** to file a response to the petitioner's motion, as supplemented, within **14 days** of the petitioner's filing thereof, indicating whether he objects to the motion.

The Clerk is **DIRECTED** to serve a copy of this order on all parties.

It is so **ORDERED**.

Todd Campbell
United States District Judge